```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
OGUNTUNJI ADESOLA,

                Plaintiff,

    -against-                              ORDER
                                           12-CV-1026(JS)(GRB)

COUNTY OF NASSAU SHERIFF'S DEPT,
NASSAU COUNTY CORRECTIONAL CENTER,
JOHN DOE'S (UNKNOWN),

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Oguntunji Adesola, Pro Se
                    11000413
                    Nassau County Correctional Center
                    100 Carman Ave
                    East Meadow, NY 11554-1146

For Defendants:     No Appearance
```

SEYBERT, District Judge:

Pending before the Court is incarcerated pro se plaintiff Oguntunji Adesola's ("Adesola") Complaint brought pursuant to 42 U.S.C. § 1983 against the County of Nassau Sheriff's Department, the Nassau County Correctional Center and "John Doe's (unknown)." The Complaint is accompanied by an application to proceed in forma pauperis. Upon review of Plaintiff's declaration in support of the application, the Court finds that Plaintiff's financial status qualifies him to file this action without prepayment of the filing fee. Accordingly, the application to proceed in forma pauperis is granted. However, for the reasons that follow, the Complaint is sua sponte dismissed in part pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii); 1915A(b). Plaintiff's remaining claims shall

proceed.

BACKGROUND

Plaintiff's brief, handwritten Complaint, submitted on the Court's Section 1983 complaint form, alleges that, while incarcerated at the Nassau County Correctional Center "at or about 1 pm 1/1/12 Location E2-A37 while I was laying in my bed . . . I was jumped and assaulted by unidentified inmates for no reason . . . ." Compl. at ¶ IV. Plaintiff claims that he "was deprived of equal protection under the law by the law where the C.O.s guards here failed to provide adequate protection and there was [sic] no guards on his or her point." Id. According to Plaintiff, "[i]f an officer or guards [sic] was at his or her post at that time the cell open[ed], it may ha[ve] prevented my serious incident. . . ." Id. Plaintiff also includes in his Complaint "poor prison conditions, cells cold, no heat in the cells, the showers are freezing, inadequate medical care, lack of medical attention."

As a result of the alleged assault, Plaintiff claims that he "suffered broken facial bones in my eyes, lacerations to the face, head and arms." Compl. at ¶ IV.A. Additionally, Plaintiff describes that "my eyes socket was damaged and migraine, headache, mental anguish, night mares [sic]. I'm afraid here cause they lack of security." Id. Plaintiff seeks to recover two million dollars ($2 million) in "monetary damages for violations of my rights, privileges and immunities . . . ." Compl. at ¶ V. Plaintiff also

seeks unspecified injunctive relief.  Id.

DISCUSSION

I.  In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees.  See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is granted.

II.  Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B)(i-iii); 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination.  See id.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally.  Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).  Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.  Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citations omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1955).

III. Section 1983

> Section 1983 provides that
> 
> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider

4

v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009) that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. Thus, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. Appx. 199 (2d Cir. Jan. 12, 2010). With these standards in mind, the Court considers the Plaintiff's claims.

    A.    <u>Claims Against Nassau County Sheriff's Department and Nassau County Correctional Center</u>

"[U]nder New York law, departments that are merely

administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." See Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against Lynbrook Police Department); see also Hawkins v. Nassau County Correctional Facility, 781 F. Supp. 2d 107, 109 n.1 (E.D.N.Y. 2011) (". . . Nassau County Correctional Facility is an 'administrative arm[]' of the municipal entity, the County of Nassau, and thus lacks the capacity to be sued as a separate entity") (citations omitted); Carthew v. County of Suffolk, 709 F. Supp. 2d 188, 194 (E.D.N.Y. 2010) (Suffolk County police department is an administrative arm of the County and, thus, lacks the capacity to be sued); Barreto v. Suffolk County, No. 10-CV-0028, 2010 WL 301949, at * 2 (E.D.N.Y. Jan. 20, 2010) (local police departments, such as the Suffolk County police department, are administrative arms of the County without the capacity to sue or be sued).

Here, the Nassau County Sheriff's Department and Nassau County Correctional Center are administrative arms of Nassau County, without a legal identity separate and apart from the County. Thus, they lack the capacity to be sued. Accordingly, Plaintiff's claims against these Defendants are not plausible and are dismissed with prejudice.

Although the Court could liberally construe Plaintiff's claims to be asserted against the municipality, namely Nassau

County, the Supreme Court permits Section 1983 claims against municipalities only where the Plaintiff demonstrates that his or her constitutional rights were deprived pursuant to a municipal policy or custom. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Accordingly, a plausible Section 1983 claim against a municipality requires that the plaintiff allege an "injury to a constitutionally protected right . . . that . . . was caused by a policy or custom of the [municipality] responsible for establishing final policy." Hartline v. Gallo, 546 F.3d 95, 103 (2d Cir. 2008) (internal quotations and citation omitted); see also Monell, at 436 U.S. at 690-91; Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). Indeed, "[a] municipality may be liable under Section 1983 only 'if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation.'" Cash v. County of Erie, 654 F.3d 324, 329 (2d Cir. 2011) (quoting Connick v. Thompson, __U.S.__, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)). A municipality cannot be held liable under Section 1983 on a respondeat superior theory. See Monell, 436 U.S. at 691, 98 S. Ct. 2018; see also Connick v. Thompson, 131 S. Ct. at 1359 (holding that under Section 1983, governmental bodies are not vicariously liable for their employees' actions).

To prevail on a Section 1983 claim against a municipality, a plaintiff must show: "(1) actions taken under color

of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy or the municipality caused the constitutional injury." Roe, 542 F.3d at 36; see also Connick, 131 S. Ct. at 1359 ("Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting Monell, 436 U.S. at 691, 98 S. Ct. 2018)). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick, 131 S. Ct. at 1359. In addition, "[i]n limited circumstances, a municipality's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for the purposes of Section 1983." Id. "To satisfy [Section 1983], a municipality's failure to train its employees in a relevant respect must amount to deliberate indifference to the rights of persons with whom the untrained employees come into contact." Id. (internal quotations, alternations and citation omitted).

Here, Plaintiff has not alleged: (1) the existence of a formal policy which is officially endorsed by the County or the Nassau County Sheriff's Department or the Nassau County Correctional Center; (2) actions taken or decisions made by the County, Sheriff's Department or Correctional Center officials with

authority to make final decisions which caused the alleged violations of his civil rights; (3) a County, Sheriff's Department or Correctional Center practice so persistent and widespread that it constitutes a custom of which constructive knowledge and acquiescence can be implied on the part of policymaking official for the County, Sheriff's Department or Correctional Center; or (4) a failure by the County, Sheriff's Department or Correctional Center policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with their employees. Accordingly, Plaintiff's Section 1983 claims insofar as they are asserted against the County are not plausible and are dismissed with prejudice **unless Plaintiff files an Amended Complaint against Nassau County alleging a constitutional violation and stating a plausible Monell claim, in accordance with this Order within thirty (30) days from the date this Order is served upon him.** The Amended Complaint must be titled "Amended Complaint" and bear docket number 12-CV-1026(JS)(GRB).

    B.    Conditions of Confinement Claims

In so far as Plaintiff seeks to challenge the conditions of his confinement, namely the temperature and adequacy of medical care, he has failed to allege a Constitutional claim. Plaintiff states only that the "cells are cold, no heat in the cells, the showers are freezing, its freezing." Reading Plaintiff's Complaint

9

liberally, it appears that Plaintiff seeks to allege a deliberate indifference claim challenging the conditions of his confinement at the Nassau County Correctional Center. Though Plaintiff alleges that his "Eight and Fourteenth amendment" rights have been violated, he does not allege whether he has been convicted of any criminal charges. Although the Eighth Amendment does not technically apply to a pretrial detainee in the context of a deliberate indifference claim, the standard of review for a Fourteenth Amendment Due Process claim for a pretrial detainee is the same as that for an Eighth Amendment claim in the case of a convicted prisoner. Caiozzo v. Koreman, 581 F.3d 63, 70–72 (2d Cir. 2009); see also Phipps v. DeMarco, No. 11-CV-3717(JS)(ARL), 2011 WL 3667755 (E.D.N.Y. Aug. 19, 2011).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishment," U.S. CONST. AMEND. VIII, and the Fourteenth Amendment's Due Process clause makes it applicable to the states. Trammell v. Keane, 338 F.3d 155, 161 (2d Cir. 2003) (citing Robinson v. Cal., 370 U.S. 660, 666–67, 82 S. Ct. 1417, 8 L. Ed. 2d 758 (1962)). Although it is clear that the Eighth Amendment "does not mandate comfortable prisons," it does not permit inhumane treatment of those in custody. Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001) (citing Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994) and Rhodes v. Chapman, 452 U.S. 337, 349, 101 S. Ct. 2392, 2400, 69 L. Ed. 2d 59

(1981)).

Claims of poor confinement conditions can be the basis for an Eighth Amendment claim, if such conditions result "'in unquestioned and serious deprivations of basic human needs'" Anderson v. Coughlin, 757 F.2d 33, 35 (2d Cir. 1985) (quoting Rhodes, 452 U.S. at 347, 101 S. Ct. at 2399). But, like other Eighth Amendment claims, a plaintiff must also plead facts reflecting that such conditions were imposed with "deliberate indifference." Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 2323, 115 L. Ed. 2d 271 (1991).

Here, although Plaintiff complains generally about the conditions at the Nassau County Correctional Center, the allegations do not rise to the level of serious deprivation of human need. See Anderson, 757 F.2d at 35; see also Gaston v. Coughlin, 249 F.3d 156, 165 (2d Cir. 2001) (requiring proof that inmate was "subjected for a long period to bitter cold" to establish an Eighth Amendment claim); Corselli v. Coughlin, 842 F.2d 23, 27 (2d Cir. 1988) (inmate's deliberate exposure to freezing temperatures in his cell for three months may support an Eighth Amendment claim). Moreover, Plaintiff does not allege any personal injuries resulting from the conditions described. Compl. at ¶ IV.A. Even if the Court were to liberally construe the allegations in the Complaint as rising to the level of a serious deprivation of human need, Plaintiff has failed to allege that any

11

of these conditions were imposed with the requisite deliberate indifference. Accordingly, the complaint fails to allege a plausible deliberate indifference claim and, for the reasons set forth above, it is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A (b)(1).

However, because a district court should not dismiss a pro se complaint without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated," Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), Plaintiff is granted leave to amend his Complaint. **Plaintiff is warned that his deliberate indifference claims concerning the conditions at the facility will be dismissed with prejudice unless he files an Amended Complaint within thirty (30) days of the date that this Order is served upon him.**

C. Claims against the John Doe Defendants

Plaintiff names "John Doe's (Unknowns) [sic]," who appear to be the Nassau County Correctional Center guards who are alleged to have been absent from their respective posts on January 1, 2012 at approximately 1:00 p.m. at "Location E2-A37." Though thin, the Court declines to sua sponte dismiss these claims at this juncture. However, the United States Marshals Service will not be able to serve the John Doe Defendants without further identifying information. The problem encountered by Plaintiff is a common one as it is frequently difficult for a pro se litigant to identify

particular corrections officers. In Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Second Circuit made clear that a pro se litigant is entitled to assistance from the district court in identifying a defendant.

Accordingly, the Court hereby requests that the Nassau County Attorney ascertain the identity(ies) and address(es) where the individual(s) described in the Complaint as the guards assigned to post at "location E2-A37" at approximately 1:00 p.m. on January 1, 2012 may be served. Compl. at ¶ IV. **The Nassau County Attorney shall provide this information to Plaintiff and the Court in writing within thirty (30) days from the date of this Order** and need not undertake to defend or indemnify this individual at this juncture. This Order merely provides a means by which Plaintiff may name and properly serve the Defendant as instructed by the Second Circuit in Valentin. Once this information is provided, Plaintiff's Complaint shall be deemed amended to reflect the full name of the Defendant(s), a summons shall be issued and the Clerk of Court shall forward to the United States Marshals Service copies of the Summons, Complaint and this Order for service upon the Defendant(s) without prepayment of fees. The Clerk of Court shall serve a copy of this Order and a copy of the Complaint on the Nassau County Attorney.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's request to proceed

in forma pauperis is GRANTED; and

IT IS FURTHER ORDERED that Plaintiff's claims against the Nassau County Sheriff's Department, Nassau County Corrections Center, and Nassau County are DISMISSED with prejudice **unless Plaintiff files an Amended Complaint against Nassau County in accordance with this Order within thirty (30) days from the date that this Order is served upon him**;

IT IS FURTHER ORDERED that the Clerk of Court mail a copy of this Order and the Complaint to the Nassau County Attorney and **within thirty (30) days of the date this Order is served upon it,** the Nassau County Attorney's Office shall attempt to ascertain the identities of the "John Doe" corrections officers and shall provide such information, in writing, together with the address(es) at which each such individual may be served, to the Court and the Plaintiff; and

IT IS FURTHER ORDERED that once the information regarding the identity(ies) and address(es) of the John Doe Defendants is provided to the Court by the Nassau County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect their full name(s), summonses shall be issued as to those defendant(s), and the United States Marshals Service shall serve the Summonses and Complaint, together with this Order, upon them without prepayment of the filing fee.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is denied for purpose of an appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

<u>/s/ JOANNA SEYBERT      </u>
Joanna Seybert, U.S.D.J.

Dated:   March __13__, 2012
         Central Islip, New York